FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
AUG 12 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

SHAMAINE DUNCAN,

                                                  Plaintiff,    **COMPLAINT AND JURY DEMAND**

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, INSPECTOR JOHN DENESOPOLIS, POLICE OFFICER FRANK ALIFFI SHIELD#13992 AND APPROX. SEVEN POLICE OFFICERS JOHN DOE 1-7 OF THE 120TH PRECINCT (the names John Doe being fictitious, as the true names are presently unknown),

                                                  Defendants.

CV11 - 3901

ECF CASE

VITALIANO, J.

J. ORENSTEIN, M.J.

-------------------------------------------------------------- X

Plaintiff SHAMAINE DUNCAN, by his attorney, Wadeedah Sheeheed, Esq., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims. As set forth more fully herein, plaintiff was falsely arrested, maliciously prosecuted and beaten on January 1, 2011 by New York City police officers who thereafter fabricated official reports and statements in an attempt to cover up the incident.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the EASTERN District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claims arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. At all relevant times plaintiff, SHAMAINE DUNCAN, was a resident of Richmond County, located in the City of New York and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Commissioner Kelly is sued in his individual and official capacities.

10. Inspector John Denesopolis was at all times here relevant the commanding officer of the 120th Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Inspector Denesopolis is sued in his individual and official capacities.

11. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. On January 1, 2011, at approximately 12:45AM plaintiff SHAMAINE DUNCAN was lawfully gathered celebrating the New Year with his family and friends inside of his sister's barbershop located at 411 Jersey Street, Richmond, NY. Plaintiff was approached by several police officers who uninvited entered the barbershop and unlawfully ordered plaintiff and others to leave the premises. After plaintiff SHAMAINE DUNCAN questioned the officers and lawfully refused to leave PO Frank Aliffi Shield #13992 and John Doe 1-7 threw plaintiff to the floor, handcuffed him and then maced. Plaintiff was then dragged to a police vehicle where he was thrown inside and then transported to the 120th precinct. Once inside of the precinct claimant was maced a second time and kicked and punched about his face and body.

14. As a result of the foregoing, plaintiff SHAMAINE DUNCAN sustained, *inter alia*, physical injuries, including stinging to his eyes, a laceration and bruising on his face, a black eye, injury to his left wrist, loss of liberty, emotional distress, anxiety, depression, embarrassment,

humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

15. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "14" with the same force and effect as if fully set forth herein.

16. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

17. Plaintiff has been damaged as a result of defendants' wrongful acts.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

18. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "17" with the same force and effect as if fully set forth herein.

19. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff SHAMAINE DUNCAN'S constitutional rights.

20. As a result of the aforementioned conduct of defendants, plaintiff SHAMAINE DUNCAN was subjected to excessive force and sustained physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "20" with the same force and effect as if fully set forth herein.

22. Defendants had an affirmative duty to intervene on behalf of plaintiff SHAMAINE DUNCAN, whose constitutional rights were being violated in their presence by other officers.

23. The defendants failed to intervene to prevent the unlawful conduct described herein.

24. As a result of the foregoing, plaintiff SHAMAINE DUNCAN was put in fear of his safety; he was humiliated, subjected to unjustified physical abuse and loss of liberty. Further, plaintiff sustained severe physical injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

29. The City, Commissioner Kelly, and Inspector Denesopolis are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

30. The City, Commissioner Kelly, and Inspector Denesopolis knew or should have known of their employees, agents, or servants propensity to engage in the illegal and wrongful acts detailed above.

31. The aforesaid event was not an isolated incident. The City, Commissioner Kelly, and Inspector Denesopolis have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid excessive use of force and how to recognize the appropriate prerequisites for an arrest. The City, Commissioner Kelly, and Inspector Denesopolis are further aware, from the same sources, that NYPD officers routinely assault citizens without fear of reprisal. The City, Commissioner Kelly, and Inspector Denesopolis fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper seizure practices and incredible testimony go uncorrected. Additionally, the City, Commissioner Kelly, and Inspector Denesopolis have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Commissioner Kelly,

and Inspector Denesopolis are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City, Commissioner Kelly and Inspector Denesopolis have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

32. The City, Commissioner Kelly, and Inspector Denesopolis have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

33. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, Commissioner Kelly, and Inspector Denesopolis to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

34. Defendants the City, Commissioner Kelly, and Inspector Denesopolis have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

35. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, Commissioner Kelly, and Inspector Denesopolis.

36. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction, plaintiff SHAMAINE DUNCAN was unlawfully beaten, subjected to physical abuse, enhanced restraints and loss of liberty.

37. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SHAMAINE DUNCAN'S constitutional

rights.

38. All of the foregoing acts by defendants deprived plaintiff SHAMAINE DUNCAN of federally protected rights, including, but not limited to, the right:

    A.    To be free from excessive force;

    B.    To be free from the failure to intervene;

    C.    To receive equal protection under law; and

39. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

42. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

43. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

44. Plaintiff has complied with all conditions precedent to maintaining the instant action.

45. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. As a result of the foregoing, plaintiff SHAMAINE DUNCAN was placed in apprehension of imminent harmful and offensive bodily contact.

48. As a result of defendant's conduct, plaintiff SHAMAINE DUNCAN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants made offensive contact with plaintiff without privilege or consent.

51. As a result of defendant's conduct, plaintiff SHAMAINE DUNCAN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A EIGHT CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

52. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs

numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

54. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

55. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

56. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff SHAMAINE DUNCAN.

57. As a result of the aforementioned conduct, plaintiff SHAMAINE DUNCAN suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR AN NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff SHAMAINE DUNCAN.

60. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff SHAMAINE DUNCAN.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the

wrongful conduct described herein.

67. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. The Defendants deliberately and maliciously prosecuted the Plaintiff, an innocent man without any probable cause whatsoever, by filing or causing a criminal complaint to be filed in the Criminal Court of the City of New York, Richmond County, for the purpose of falsely accusing the Plaintiff of violations of the criminal laws of the State of New York.

70. The Defendants their agents, servants or employees failed to take reasonable steps to stop the prosecution of the Plaintiff and instead deliberately and maliciously provided false and/or incomplete information to the District Attorney's to induce prosecution of the Plaintiff.

71. The commencement of these criminal proceedings under docket **2011RI000056** was malicious and began in malice and without probable cause, so that the proceedings could succeed by the defendant.

72. As a result of the malicious prosecution, Plaintiff was deprived of his liberty and suffered humiliation, mental anguish, indignity and frustration of an unjust criminal prosecution. The Plaintiff remained in custody while defending his liberty against these unjust charges which were dismissed in their entirety on or about June 3, 2011.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(False arrest and illegal imprisonment under the laws of the State of New York)

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

75. Defendants intended to confine plaintiff.

76. Plaintiff was conscious of his confinement and did not consent to his confinement.

77. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

**WHEREFORE**, plaintiff SHAMAINE DUNCAN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.


Dated: Brooklyn, New York
      August 12, 2011

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Commissioner Raymond W. Kelly
1 Police Plaza
Room 1406
New York, NY 10006

Inspector John Denesopolis
120th Precinct
78 Richmond Terrace
St. George, NY 10301

PO Frank Aliffi Shield #13992
120th Precinct
78 Richmond Terrace
St. George, NY 10301

Yours, etc.,

WADEEDAH SHEEHEED, ESQ.
Bar #WS6903
Attorney for Plaintiff
45 Main Street
Suite 230
Brooklyn, NY 11201
(718) 855-8417
sheeheedlaw@gmail.com

14