UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

SHAMAINE DUNCAN,

Plaintiff,

-against-

CITY OF NEW YORK, JOHN DENESOPOLIS, Individually, FRANK ALIFFI, Individually, BRUCE CEPARANO, Individually, JIN TSOI, Individually, JERRY GARCIA, Individually, JEFFREY DESIO, Individually, BEKIM KALICOVIC, Individually, ALBERT ISAAC, Individually, MICHAEL HOTALING, Individually, JOHN FAHIM, Individually, FRANCISO MONCAYO, Individually, MASHIEL SANTOS, Individually, GREGORY HOWARD, Individually, CHRISTIAN CATALDO, Individually and approximately ten JOHN and JANE DOE police officers individually (the names John and Jane Doe being fictitious, as the true names are presently unknown)

Defendants.

---------------------------------------------------------------------- X

**THIRD AMENDED COMPLAINT AND JURY DEMAND**

11 CV 3901 (ENV) (JO)

Plaintiff SHAMAINE DUNCAN, by his attorney, Wadeedah Sheehed, Esq., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims. As set forth more fully herein, plaintiff was falsely arrested, maliciously prosecuted and beaten on January 1, 2011 by New

York City police officers who thereafter fabricated official reports and statements in an attempt to cover up the incident.

**JURISDICTION**

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the EASTERN District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claims arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6. Plaintiff SHAMAINE DUNCAN is a twenty-nine year old African-American man residing in Staten Island, City of New York and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a

police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned, the individually named defendants, JOHN DENESOPOLIS, FRANK ALIFFI, JERRY GARCIA, JIN TSOI, BRUCE CEPARANO, JEFF DESIO, BEKIM KALICOVIC, ALBERT ISAAC, JOHN FAHIM, MICHAEL HOTALING, FRANCISCO MONCAYO, MASHIEL SANTOS, GREGORY HOWARD, CHRISTIAN CATALDO, and JOHN and JANE DOE police officers 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. Defendant DENESOPOLIS was at all times here relevant the commanding officer of the 120th Precinct, and as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individually named defendants. Defendant DENESOPOLIS is being sued in his individual and official capacities.

12. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

14. On January 1, 2011, at approximately 12:15AM plaintiff SHAMAINE DUNCAN was lawfully gathered celebrating the New Year with family and friends inside of his sister's barbershop located at 411 Jersey Street, Staten Island, NY.

15. While plaintiff was inside celebrating with family and friends a 911 call was placed by

an individual alleging a dispute in the vicinity of 418 Jersey Street, Staten Island, NY, a convenience store located across the street and down the block from the barbershop. Plaintiff was not involved in that dispute.

16. Defendant officers, including but not limited to JOHN DENESOPOLIS, FRANK ALIFFI, JERRY GARCIA, JIN TSOI, BRUCE CEPARANO, JEFF DESIO, ALBERT ISAAC, JOHN FAHIM, MICHAEL HOTALING, FRANCISCO MONCAYO, MASHIEL SANTOS and GREGORY HOWARD, CHRISTIAN CATALDO responded to this 911 call.

17. Defendant officers, including but not limited to DENESOPOLIS, ALIFFI, GARCIA, TSOI, CEPARANO, DESIO, ISAAC, FAHIM, HOTALING, MONCAYO, SANTOS, HOWARD and CATALDO entered 411 Jersey Street without permission, authority or just cause.

18. Defendant officers, including but not limited to DENESOPLIS, ALIFFI, CEPERANO, FAHIM, ISAAC, HOTALING, DESIO, HOWARD and approximately three additional JOHN or JANE DOE police officers forcefully took plaintiff down to the floor of the barbershop. The aforementioned officers collectively forcefully held plaintiff down kicking and punching him while trying to handcuff him. During this unlawful brutal assault on plaintiff, defendants ALIFFI and ISAAC deployed their OC spray at plaintiff's face. Civilian witnesses to the assault who were watching the incident from inside of the barbershop pleaded with the defendant officers to stop beating plaintiff. After handcuffing plaintiff, defendants DENESOPOLIS, ALIFFI, DESIO and a fourth JOHN DOE police officer forcefully carried plaintiff out of the barbershop by his arms and legs. Plaintiff was then dragged to a police vehicle where he was thrown inside while handcuffed. While he was handcuffed imprisoned inside of the police vehicle defendant ALIFFI again deployed his OC spray at plaintiff who was subsequently placed in an Emotionally

Disturbed Persons (hereinafter "EDP") bag and secured with Velcro restraints.

19. At no time prior to being grabbed, assaulted and arrested by the defendant police officers was plaintiff engaging in any unlawful, wrongful or disorderly conduct.

20. At no time did plaintiff resist arrest or engage in any conduct that could reasonably be construed as endangering or threatening any police officer or any other individual or interfering with the police officers performance of their official duties.

21. In addition to all of the aforementioned defendant police officers defendant's TSOI, GARCIA, MONCAYO, CATALDO, and approximately ten JOHN and JANE DOE police officers failed to intervene and stop the beating despite their duty to do so.

22. Plaintiff was then transported to the 120th precinct. Once inside of the precinct plaintiff, while still confined in the EDP bag and restraints, was placed before the front desk and kicked several times in his face by a JOHN DOE police officer.

23. Plaintiff SHAMAINE DUNCAN was arraigned on January 2, 2011, in Richmond County Criminal Court, on baseless charges filed under docket number 2011RI000056; said charges having been filed based on the false and manufactured allegations of arresting officer defendant ALIFFI.

24. Defendant ALIFFI created arrest documents, signed and swore to criminal court complaints filed against SHAMAINE DUNCAN, which contained false and manufactured allegations that he conveyed to the Richmond County District Attorney's Office. Specifically, defendant ALIFFI falsely alleged that plaintiff obstructed defendant ALIFFI from performing his duties inside of 411 Jersey Street, swung at police officers, resisted arrest and possessed drugs. These allegations are entirely false and manufactured.

25. Defendants CEPARANO and KALICOVIC signed off on defendant ALIFFI's

paperwork, assisted in manufacturing and creating evidence against plaintiff, and in covering up his, and his subordinate officers', acts of brutality and misconduct.

26. As a result of the defendant officers' acts, a malicious prosecution was initiated against plaintiff SHAMAINE DUNCAN. The defendant officers caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline or sanction for the above described acts of brutality and abuse of authority.

27. Plaintiff was held in police custody until his arraignment on January 2, 2011. Plaintiff was subsequently remanded to the New York City Department of Corrections custody held in pretrial detention for approximately 5 months. While on Rikers Island in pretrial detention plaintiff was treated for his injuries and post traumatic stress disorder which was a direct result of the beating plaintiff endured at the hands of the defendants. Plaintiff sustained injury to his left hand and left pinky finger as a result of this unjustified beating.

28. The malicious prosecution compelled plaintiff SHAMAINE DUNCAN to return to Court for approximately ten dates, until June 3, 2011, when these manufactured false charges filed against him were dismissed and sealed in Richmond County Criminal Court.

29. Defendants DENESOPOLIS, CEPARANO, KALICOVIC, ISAAC, HOTALING and MONCAYO held supervisory ranks, and supervised, approved of, oversaw, and otherwise presided over and participated in the excessive use of force, arrest, and/or prosecution of the plaintiff.

30. Defendant officers, including but not limited to DENESOPOLIS, ALIFFI, GARCIA, TSOI, CEPARANO, DESIO, KALICOVIC, ISAAC, FAHIM, HOTALING, MONCAYO, SANTOS, HOWARD, CATALDO and JOHN and JANE DOE 1 through 10 directly participated

in the above illegal acts, or failed to intervene in them, despite a meaningful opportunity to do so.

31. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

32. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board hereinafter "CCRB") that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force, particularly with regard to using force on uninvolved bystanders when responding to disputes; that officers improperly employ a practice of striking individuals with their batons, ASPs, or other hard objects; and that officers, including the individual defendants, engage in a practice of falsification and covering up of acts of brutality and abuse of authority through false arrests, manufacturing evidence, and by failing to report uses of force as required by NYPD policy and practice. Defendant CITY OF NEW YORK is further aware that such improper training and practices have often resulted in a deprivation of civil rights, injuries, and the false arrest of civilians.

33. In the first instance, civilian Daniel Gaffney, African-American man, alleged excessive force by defendant HOTALING in *Daniel Gaffney v. City of New York*, 10 CV 1192. In that lawsuit Mr. Gaffney alleged he sustained a broken nose at the hands of defendant HOTALING who he claimed struck him while he was handcuffed and not resisting. The jury found for the plaintiff.

34. A second example can be found in another lawsuit, *Dante Daniels v. City of New York*, 11 CV 3488 (RRM) (MDG). This lawsuit settled in 2012 and was filed in United States District

Court for the Eastern District of New York. NYPD officers of the 120th Precinct, including defendants CEPARANO and HOTALING, responded to a dispute on Richmond Avenue, in Staten Island, New York, and were involved, either personally or in their supervisory capacities, in subjecting Mr. Daniels, African-American man, to excessive force and thereafter arresting him on false charges, despite the fact that Mr. Daniels was not involved in the dispute or committing any crimes or offenses.

35. A third example is a lawsuit by plaintiff Christine Scianna alleged in *Scianna v. City of New York*, 09 CV 0087 (BMC), settled in 2009 and filed in United States District Court for the Eastern District of New York, that defendant ALIFFI, along with other officers, responded to stop a fireworks party being held in celebration of the Fourth of July and participated, either directly or through a failure to intervene, in subjecting Ms. Scianna to excessive force and thereafter arresting her on false charges, despite the fact that Ms. Scianna was not involved in the fireworks party or committing any crimes or offenses.

36. Fourth example, plaintiffs Shameek Champagne, Christina Jenkins, and Isaiah Jenkins, African-American women, alleged in *Champagne et al. v. City of New York*, 11 CV 5644 (RRM)(SMG), settled in 2013 and filed in United States District Court for the Eastern District of New York, that NYPD officers including defendant ISAAC, were called to a dispute on Barker Avenue, in Staten Island, and that officers subjected plaintiffs to excessive force, and thereafter arrested them on false charges, despite the fact that plaintiffs were not involved in the dispute, or committing any crimes or offenses.

37. In addition, the City is also aware through complaints filed with NYPD Internal Affairs Bureau and the Civilian Complaint Review Board that police officers, engage in a practice of subjecting innocent bystanders to excessive force when responding to calls regarding purported

disputes, and of arresting said innocent individuals despite the fact that said individuals were neither involved in the underlying dispute, nor committing any crimes or offenses. Defendant City is likewise aware through such complaints that its officers engage in a pattern and/or practice of striking individuals in the head with ASPs and/or other hard objects.

38. Further, the CITY OF NEW YORK is aware from CCRB complaints and lawsuits filed against the CITY OF NEW YORK that NYPD officers employ an improper practice of striking individuals in the head with ASPs and/or other hard objects. *See e.g.*, *Ortega, et al. v. City of New York, et al.*, 13 CV 6646 (FB)(VVP); *Haynes, et al. v. City of New York, et al.*, 12 CV 2908 (MKB)(VMS); *Mohammed v. City of New York, et al.*, 12 CV 1709 (ILG)(RER).

39. Moreover, the City is also aware through complaints filed with NYPD Internal Affairs Bureau and the Civilian Complaint Review Board that police officers, subject arrestees to excessive force by beating and pepper spraying them while they are handcuffed.

40. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights and resulted in plaintiffs' injuries.

41. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

42. As a result of the foregoing, plaintiff SHAMAINE DUNCAN sustained, *inter alia*, physical injuries, including stinging to his eyes, a laceration and bruising on his face, a black eye, injury to his left wrist and pinky finger, loss of liberty, post traumatic stress disorder, emotional

distress, anxiety, depression, embarrassment, humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

45. Plaintiff has been damaged as a result of defendants' wrongful acts.

46. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The level of force employed by defendants was excessive, objectively unreasonable and

otherwise in violation of plaintiff SHAMAINE DUNCAN'S constitutional rights.

49. As a result of the aforementioned conduct of defendants, plaintiff SHAMAINE DUNCAN was subjected to excessive force and sustained physical injuries.

50. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

51. Plaintiff repeat, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants arrested plaintiff without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

53. Defendants caused plaintiff to be falsely arrested and unlawfully imprisoned.

54. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants had an affirmative duty to intervene on behalf of plaintiff SHAMAINE DUNCAN, whose constitutional rights were being violated in their presence by other officers.

57. The defendants failed to intervene to prevent the unlawful conduct described herein.

58. As a result of the foregoing, plaintiff SHAMAINE DUNCAN was put in fear of his safety; he was humiliated, subjected to unjustified physical abuse and loss of liberty. Further, plaintiff sustained severe physical injuries.

59. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHAMAINE DUNCAN.

62. Defendants caused plaintiff to be prosecuted without probable cause until the charges were dismissed on or about June 3, 2011.

63. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants issued criminal process against plaintiff by causing him to be arraigned and prosecuted for various violations of the Penal Law.

66. Defendants caused plaintiff to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline or sanction for the above described acts of brutality and abuse of authority and thereby violated plaintiffs' right to be free from malicious abuse of process.

67. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

68. Plaintiff repeat, reiterate, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants created false evidence against plaintiff.

70. Defendants utilized this false evidence against plaintiff in legal proceedings.

71. As a result of defendants' creation and use of false evidence, plaintiff suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

72. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

73. Plaintiffs repeat, reiterate, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. The defendants seized, detained, arrested, and imprisoned plaintiff to the excessive use of force, and maliciously prosecuted plaintiff because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

75. As a result of the foregoing, plaintiff was deprived of his rights under the Equal Protection Clause of the United States Constitution.

76. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. The supervisory defendants DENESOPOLIS, GARCIA, CEPARANO, KALICOVIC, ISAAC, and HOTALING personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

79. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

82. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

83. The City knew or should have known of their employees, agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

84. The aforesaid event was not an isolated incident. The City has been aware for some time (from lawsuits, notices of claim and complaints filed with CCRB) that many of their police officers are insufficiently trained on how to avoid excessive use of force and how to recognize the appropriate prerequisites for an arrest. The City is further aware, from the same sources, that

NYPD officers routinely assault citizens without fear of reprisal. The City fails to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper seizure practices and incredible testimony go uncorrected. Additionally, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to abuse plaintiff and violate his civil rights, without fear of reprisal.

85. The City has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

86. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

87. The foregoing customs, policies, usages, practices, procedures and rules of the CITY

OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

88. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff, as alleged herein.

89. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff, as alleged herein.

90. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff was unlawfully arrested, subjected to the excessive use of force and maliciously prosecuted.

91. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

92. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

93. Defendant CITY OF NEW YORK has damaged plaintiff by the failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

94. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City.

95. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD plaintiff SHAMAINE DUNCAN was unlawfully beaten,

subjected to physical abuse, enhanced restraints and loss of liberty.

96. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SHAMAINE DUNCAN'S constitutional rights.

97. All of the foregoing acts by defendants deprived plaintiff SHAMAINE DUNCAN of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from false arrest/unlawful imprisonment;

C. To be free from the excessive use of force;

D. To be free from malicious prosecution;

E. To be free from malicious abuse of process;

F. To be free from the failure to intervene; and

G. To receive equal protection under law.

98. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**<u>Supplemental State Law Claims</u>**

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,

presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

101. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

102. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

103. Plaintiff has complied with all conditions precedent to maintaining the instant action.

104. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**AS AND FOR A ELEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

105. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. As a result of the foregoing, plaintiff SHAMAINE DUNCAN was placed in apprehension of imminent harmful and offensive bodily contact.

107. As a result of defendant's conduct, plaintiff SHAMAINE DUNCAN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

108. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

109. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. Defendants made offensive contact with plaintiff without privilege or consent.

111. As a result of defendant's conduct, plaintiff SHAMAINE DUNCAN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

112. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

113. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

115. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

116. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

117. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff SHAMAINE DUNCAN.

118. As a result of the aforementioned conduct, plaintiff SHAMAINE DUNCAN suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

119. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

120. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff SHAMAINE DUNCAN.

122. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

123. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

124. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff SHAMAINE DUNCAN.

126. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

127. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

129. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount

to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

130. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

132. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**AS AND FOR A EIGHTEENTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

133. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134. The defendants deliberately and maliciously prosecuted the plaintiff, an innocent man without any probable cause whatsoever, by filing or causing a criminal complaint to be filed in

the Criminal Court of the City of New York, Richmond County, for the purpose of falsely accusing the plaintiff of violations of the criminal laws of the State of New York.

135. The Defendants their agents, servants or employees failed to take reasonable steps to stop the prosecution of the plaintiff and instead deliberately and maliciously provided false and/or incomplete information to the District Attorney's to induce prosecution of the plaintiff.

136. The commencement of these criminal proceedings under docket **2011RI000056** was malicious and began in malice and without probable cause, so that the proceedings could succeed by the defendants.

137. As a result of the malicious prosecution, plaintiff was deprived of his liberty and suffered humiliation, mental anguish, indignity and frustration of an unjust criminal prosecution. The plaintiff remained in custody while defending his liberty against these unjust charges which were dismissed in their entirety on about June 3, 2011.

138. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**AS AND FOR A NINETEENTH CAUSE OF ACTION**
(False arrest and illegal imprisonment under the laws of the State of New York)

139. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "138" with the same force and effect as if fully set forth herein.

140. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

141. Defendants intended to confine plaintiff.

142. Plaintiff was conscious of his confinement and did not consent to his confinement.

143. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

144. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWENTIETH CAUSE OF ACTION**
(Malicious Abuse of Process under laws of the State of New York)

145. Plaintiff repeat, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "144" with the same force and effect as if fully set forth herein.

146. Defendants issued criminal process against plaintiff causing him to be arrested, arraigned and prosecuted in Criminal Court.

147. Defendants caused plaintiff to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline or sanction for the above described acts of brutality and abuse of authority.

148. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWENTY-FIRST CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §11)

149. Plaintiffs repeat, reiterate, and realleges each and every allegation contained in paragraphs numbered "1" through "148" with the same force and effect as if fully set forth herein.

150. As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

151. As a result of the foregoing, plaintiff SHAMAINE DUNCAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWENTY-SECOND CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §12)

152. Plaintiffs repeat, reiterate, and realleges each and every allegation contained in paragraphs numbered "1" through "151" with the same force and effect as if fully set forth herein.

153. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

154. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SHAMAINE DUNCAN demands judgment and prays for the

following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 25, 2014

TO: New York City
Corporation Counsel Office
100 Church Street
New York, NY 10007

Regards,

WADEEDAH SHEEHEED, ESQ.
(WS6903)
Attorney for Plaintiff
45 Main Street
Suite 230
Brooklyn, NY 11201
(718) 855-8417
sheeheedlaw@gmail.com