UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHAMAINE DUNCAN,                                           MEMORANDUM
                       Plaintiff,                      AND ORDER
        - against
CITY OF NEW YORK, et al.,                                  11-CV-3901 (ENV) (JO)
                       Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

Plaintiff Shamaine Duncan ("Duncan") seeks leave to file a Fourth Amended Complaint in order to substitute the name of police officer Richard Dinkle ("Dinkle") for that of one of the "John Doe" defendants. *See* Docket Entry ("DE") 112 (motion). The deadline for the joinder of additional parties and amendment of pleadings has passed, and the statute of limitations for his claims alleging violations of his civil rights under federal law has already expired. The defendants oppose the amendment on the ground that Duncan did not diligently pursue efforts to identify Dinkle in a timely manner, that earlier pleadings did not describe the "John Doe" defendants with sufficient detail to fairly apprise Dinkle that he was an intended defendant, and that allowing the amendment would prejudice them. DE 113 (opposition). For the reasons set forth below, I grant the motion.[1]

I.     <u>Background</u>[2]

Just after midnight on January 1, 2011, while Duncan was celebrating the new year with family and friends inside his sister's barbershop located at 411 Jersey Street in Staten Island, the police

---

[1] Because I conclude the motion should be granted, and because granting leave to amend does not dispose of any claim or defense in this action, I need not decide whether a magistrate judge has authority to deny leave to amend under the circumstances here – a question as to which the case law of this circuit is split. *Compare Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. 2012) (remanding to district court to conduct *de novo* review of magistrate judge's denial of leave to amend which effectively dismissed state law claims) (citing *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008)) *with*, *e.g.*, *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (characterizing a motion to amend as a "nondispositive" motion that a magistrate judge may decide).

[2] For purposes of analysis, I assume the factual allegations in Duncan's pleadings to be true, and I describe those assertions only to the extent relevant to the motion.

received a 911 call reporting a dispute (in which Duncan was uninvolved) in the vicinity of a convenience store located across the street and down the block. DE 106 (Third Amended Complaint) ¶¶ 14-15. Over a dozen police officers responding to the call entered the barbershop; several of them held Duncan down on the floor and kicked and punched him while trying to handcuff him, including two officers who sprayed mace in Duncan's face. After handcuffing him, police officers continued to kick Duncan and spray him with mace during transportation and at the police precinct, and then provided false evidence supporting otherwise unjustified criminal charges against him. *Id.* ¶¶ 18, 22. As a result, Duncan spent about five months in pretrial detention, sustained injuries to a hand and one finger, and suffers from post-traumatic stress disorder. Duncan denies taking any action that would have justified any of the police conduct of which he complains. *See id.* ¶¶ 17-27.

Duncan accuses the City of New York, its Police Commissioner, and the officers involved in his arrest of violating his constitutional rights under color of law. When he first asserted those claims in a Complaint filed on August 12, 2011, Duncan named only two individual officers as defendants; he designated all other officers who participated in the incident as seven "John Doe" defendants. DE 1 (Complaint). On January 12, 2012, Duncan amended the Complaint as of right to substitute eight individual police officers for the seven "John Doe" defendants he had originally named. DE 14 (Amended Complaint).

On December 23, 2013, in anticipation of the expiration of the applicable statute of limitations eight days later, Duncan initiated a motion to further amend his complaint to add facts learned through discovery, correct a technical error, remove a defendant, add more federal claims, and add defendants. DE 64. On December 31, 2013, I granted Duncan's request over the defendants' objections, and Duncan filed his new pleading that same day. *See* DE 68 (minute entry); DE 69 (Second Amended Complaint). That pleading remained under seal while the parties litigated the

propriety of its inclusion of allegations concerning the disciplinary histories of certain defendants. *See* DE 85. After I resolved that dispute by directing Duncan to omit some such allegations, *see* DE 95, he complied by filing his Third Amended Complaint on March 27, 2014. The latter pleading included the most detailed description to date of the incident at issue, and added three new individual officers as named defendants, as well as ten more "John Doe" officers. DE 106 (Third Amended Complaint).

On March 4, 2014, Duncan sought leave to file a further amendment so that he could name Dinkle as a defendant based on witness Ebony Duncan's testimony, provided for the first time in February 2014, identifying Dinkle as one of the officers who entered the barbershop on the night of the incident and held Shamaine Duncan down on the floor and punched and kicked him. I set a briefing schedule and the parties filed the fully briefed instant motion on April 29, 2014. *See* DE 96 (minute entry); DE 112 (Duncan's memorandum in support); DE 112-1 (proposed Fourth Amended Complaint); DE 113 (defendants' opposition); DE 14 (Duncan's reply).

II.  Discussion

Notwithstanding the fact that the limitations period expired on January 1, 2014, Duncan's claim against Dinkle relates back to the date of the original complaint, and is therefore timely if, prior to January 1, 2014, he exercised due diligence to identify the officers who assailed him and included in his earlier pleadings a description of the John Doe defendants sufficient to fairly apprise the proposed new party that he is an intended defendant. *See* Fed. R. Civ. P. 15(c)(1)(A); *Hogan v. Fischer*, 738 F.3d 509, 518-19 (2d Cir. 2013) (applying relevant body of state limitations law to relation-back issue in Section 1983 action and citing pertinent authority under New York law).

I conclude that Duncan satisfies both requirements. First, while it is true that the defendants previously identified Dinkle as one of the officers in the vicinity of the barbershop at the time of the events in issue, the information they produced described him as only having driven another defendant

3

to the scene; it was not until witness Ebony Duncan testified in February 2014 that Dinkle had been one of Shamaine Duncan's assailants that the latter had a basis to name Dinkle as a defendant. Nor was Duncan less than diligent in getting to that point: to the contrary, the record of this case reflects the extensive efforts over many months that all concerned have had to take to obtain from the New York City Police Department all of the available information about which officers did and did not participate in the events at issue. In particular, Duncan (along with the plaintiffs in the related case of *Ebony Duncan v. City of New York*, 12-cv-1565 (PKC), with which the instant case has been consolidated for discovery proceedings) has been forced to seek judicial intervention on multiple occasions to obtain discovery to which he was entitled; but for the defendants' recalcitrance in providing such information, the parties would have completed discovery – and therefore completed Ebony Duncan's testimony about Dinkle's role in the incident – long before the limitations period expired. Indeed, although the defendants were under a court order to disclose the identities of all officers involved in Duncan's arrest by December 14, 2011, *see* Order dated October 6, 2011, the defendants did not disclose Dinkle's involvement until August 2013. Under such circumstances, the fact that Duncan's counsel occasionally complied with the scheduling requests of other parties is of no moment.[3]

Second, Duncan's pleadings have consistently made clear his intention to sue, among others, every officer who participated in his arrest at the barbershop on January 1, 2011. Because for purposes of this motion I must assume the truth of Duncan's allegation that Dinkle was one of those officers, *see*, *e.g.*, *Hogan*, 738 F.3d at 513, I must conclude that Dinkle was fairly apprised that he was one of the John Doe defendants against whom Duncan intended to assert a claim. Moreover, in the Third Amended Complaint, Duncan made clear that there was an additional unidentified officer whom he

---

[3] I do not mean to suggest that the defendants bear exclusive responsibility for the extensive discovery delays in these related cases. I conclude no more than that but for the delays attributable to the defendants, Duncan would likely have been in a position to name Dinkle as a defendant before the start of 2014.

4

specifically described as having participated in holding him down on the barbershop floor and punching and kicking him – the precise conduct he now ascribes to Dinkle. Here again, the fact that Dinkle swears that he did not engage in such conduct does not affect the analysis because I must assume the truth of Duncan's allegation.

Finally, the defendants oppose the motion on the ground that allowing a further amendment will prejudice them as well as Dinkle. I disagree. To the extent that the defendants complain about extending even further the discovery proceedings and the potential effect of the passage of time on witness memories, I share the concern but disagree that it warrants denial of the motion to amend. As discussed above, Duncan has exercised sufficient diligence to allow the amendment, and therefore should not be precluded from asserting his claims because it would naturally have the consequence of requiring some additional discovery. To the extent that the defendants speculate that Duncan will use photographs of Dinkle's family in this case and therefore place those family members at risk, *see* Opp. at 15, I can see no basis either for such a concern or for the defendants' bald assertion that Duncan has previously used photographs of other defendants' family members for the "apparent" purpose of intimidation. *Id.*[4]

III. Conclusion

For the reasons set forth above, I grant the plaintiff's motion to file a Fourth Amended Complaint to substitute Richard Dinkle for one of the John Doe defendants.

SO ORDERED.

Dated: Brooklyn, New York
July 15, 2014

                                                    /s/
                                      JAMES ORENSTEIN
                                      U.S. Magistrate Judge

---

[4] The defendants have not argued that I should deny the motion as untimely pursuant to Federal Rule of Civil Procedure 16(b)(4). I would in any event grant the motion to amend under that rule as well.