UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
SHAMAINE DUNCAN,

                              Plaintiff,

           -against-

THE CITY OF NEW YORK, *et al.*,

                            Defendants.

------------------------------------------------------------- x

MEMORANDUM & ORDER

11-CV-3901 (ENV) (JO)

VITALIANO, D.J.

Plaintiff Shamaine Duncan commenced this action against the City of New York and several members of the New York City Police Department for various alleged federal and state violations of his rights. *See* Fourth Amended Complaint, ECF No. 117 ("FAC"). Defendants moved for partial summary judgment. Magistrate Judge James Orenstein issued a Report and Recommendation ("R&R"), recommending that the motion be granted in part and denied in part. *See* R&R, ECF No. 141. In its July 21, 2017 Memorandum and Order, the Court adopted the R&R with certain modifications. *See Duncan v. City of New York*, No. 11-CV-3901 (ENV)(JO), 2017 WL 3105856, at *5-7 (E.D.N.Y. July 21, 2017) (ECF No. 148). In relevant part, the order granted summary judgment to defendants on plaintiff's state law claims. *See id.* The Court concluded that plaintiff had failed to comply with the examination under oath requirement of New York's General Municipal Law ("GML") § 50-h and, therefore, did not satisfy the condition precedent to bring suit against municipal defendants in New York State. *See id.*

Plaintiff filed a motion for reconsideration of the Court's decision as to plaintiff's state law claims and requested leave to submit two affidavits in support of his motion, one by plaintiff's current attorney, Wadeedah Sheeheed, and one by Jason Leventhal, an attorney with

1

Leventhal and Klein LLP ("L&K"), counsel for plaintiffs in *Ebony Duncan et. al. v. City of New York et. al.*, No. 12-cv-1565, a companion case arising from the same incident as this case, and the firm which filed a sworn notice of claim on behalf of Shamaine Duncan attesting that it represented him on those claims. On August 3, 2017, the Court entered an order permitting plaintiff to submit the affidavits but "reserve[d decision] as to any legal determination of the propriety of submitting these affidavits with a motion for reconsideration." Aug. 3, 2017 Docket Entry. For the reasons set forth below, plaintiff's motion for reconsideration and reversal of its order granting summary judgment is denied and the Court adheres to its prior ruling.[1]

## Standard for Reconsideration

The central concern before the Court is whether plaintiff has met the standard for obtaining reconsideration and either modification or reversal of a prior order. In order to prevail on a motion for reconsideration, the moving party "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citation omitted). Significantly, it is well understood that a motion for reconsideration is not an opportunity "to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). The standard for granting a motion for reconsideration is "strict" and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other

---

[1] The background facts and procedural history are set out in the Court's July 21, 2017 Memorandum and Order, 2017 WL 3105856, *supra*, and will not be repeated here needlessly. Familiarity of the parties with that decision is presumed.

words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

As a result, courts have held that Local Rule 6.3, which governs motions for reconsideration, "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *EEOC v. Fed. Express Corp.*, 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003); *see also Cunniff v. Dep't of the Treasury*, No. 2:05-CV-03399 (ENV) (JO), 2006 WL 930842, at *2 (E.D.N.Y. Apr. 11, 2006).

"In this light, a motion for reconsideration should be granted only when the movant identifies (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) a clear error or manifest injustice." *Connor v. Elmhurst Dairy, Inc.*, No. 13-cv-4769 (ENV) (LB), 2016 WL 126373, at *1 (E.D.N.Y. Jan. 11, 2016) (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). By contrast, reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) ("[S]uch motions are not vehicles for taking a second bite at the apple, and we do not consider facts not in the record to be facts that the court overlooked." (citation and internal quotations omitted)). This requirement is in keeping with the understanding that a "court's reconsideration of an earlier order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Thomas v. N.Y.C. Dep't of Educ.*, No. 10-CV-00464 (CBA), 2018 WL 1611369, at *3 (E.D.N.Y. Mar. 30, 2018) (quoting *In re Health Mgmt. Sys., Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Whether or not to grant the motion "is within the sound discretion of the district court." *Id.* (citation omitted).

3

## Discussion

Plaintiff contends that the Court relied on erroneous factual findings in granting summary judgment to defendants on the state claims, and wants now to submit two affidavits to raise an issue of material fact as to whether plaintiff received the City's demand for an oral examination mandated by GML § 50-h. In so doing, plaintiff does not highlight controlling facts previously overlooked by the Court, but, instead, seeks to introduce, for the first time, sworn testimony that was available yet unproduced on the original motion opposition. *See Cunniff*, 2006 WL 930842, at *2 ("Making a better argument or providing recapitulated documentation that was readily available at the time the motion was originally determined does not support reconsideration.").

In its July 21, 2017 order, the Court delineated several reasons why plaintiff's insistence that he was unaware of the § 50-h notices did not create a genuine dispute of material fact. *See Duncan*, 2017 WL 3105856, at *5-7. Among them, it was found that the record was clear that L&K shared office space and collaborated closely with Sheeheed on their respective companion cases arising out of the same incident, that the City indisputably sent the § 50-h notices to the correctly listed address on the notice of claim filed by an attorney holding himself out as one of plaintiff's attorneys, and that plaintiff had offered "absolutely no admissible proof" that, in this environment, mail would not be redirected to the attorney handling the matter at the time it was received in the common office. *Id.* at *7.

These facts are so critical to the Court's determination that they bear repeating here. L&K had filed a § 50-e notice of claim on plaintiff's behalf. The notice represented that Jason Leventhal "being duly sworn, deposes and says" that he was "attorney in fact" for Shamaine Duncan. *Id.* Leventhal also signed for Shamaine Duncan and listed Shamaine Duncan's address as that of the law offices for L&K. *Id.* at *6. Meanwhile, at the time of the original motion,

4

"[a]ll that [stood] against [these facts] [was] [plaintiff's] naked assertion that he did not authorize it, in the absence of even an attorney affidavit from L&K or from Sheeheed that she was unaware of the Comptroller's request for hearings." *Id.* at *7. With the two new affidavits, plaintiff seeks to remedy the last pitfall by having L&K and Sheeheed submit sworn evidence that L&K did not in fact forward the Comptroller's § 50-h demands and that Sheeheed was unaware of the demands.[2]

Assuming for the moment that the affidavits set forth facts that, if read on reconsideration, could lead to modification or reversal of the reconsidered ruling, the existence of such facts could still not form the basis for reconsideration. "[F]acts not in the record" are not "facts that the court overlooked." *Rafter*, 288 F. App'x at 769. Plaintiff may not now "advance new facts . . . not previously presented to the Court." *Thomas*, 2018 WL 1611369, at *4 (citation omitted). Nor is this evidence that would be only newly available; nothing prevented plaintiff from submitting these affidavits when the summary judgment motion was originally considered. If offered then, defendants might have sought the opportunity to test the credibility of the affiants, by seeking depositions, and then marshal any new evidence they might develop as a result. Had the affidavits been a game changer, plaintiff, in short, would still have failed to provide a satisfactory explanation for the absence of the evidence they now proffer tardily. At any rate, given the extraordinary remedy reconsideration presents and its narrow application, the balance of equities does not weigh in plaintiff's favor. The affidavits may not be used on reconsideration to support modification or reversal of the original ruling.

---

[2] As will be explained later, not only do the affidavits not clear a path to relief on reconsideration, they further buttress the Court's conclusion that the failure to comply with GML § 50-h is, under New York law, the fault of and attributable to the claimant, Shamaine Duncan.

5

Furthermore, as previewed earlier, there is a far more important reason why reconsideration fails. The affidavits are a red herring. Even assuming the Court were to consider them on the merits, they would not change the outcome. Plaintiff would still fail to satisfy the condition precedent established by GML § 50-h, the essential fact upon which summary judgment was based. Pointedly, there is no dispute that the City sent its requests for a § 50-h hearing to 45 Main Street, Suite 230, the address of record on the sworn notice of claim filed by L&K on plaintiff's behalf and for his current attorney of record, and that plaintiff failed to attend on any of the scheduled hearing dates. Plaintiff simply says in response that neither he nor Sheeheed, his current attorney of record, received the City's hearing demands. Even if true, though, it would not, under prevailing law, excuse plaintiff's failure to meet the condition precedent that requires his attendance at an oral examination under oath.

"Notice of claim requirements are construed strictly" and "[f]ailure to comply with [them] ordinarily requires dismissal." *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999). Several courts have held, moreover, that a "plaintiff's failure to attend a 50-h Hearing—*no matter the reason*—is a complete bar to his state law claims against the City." *Kennedy v. Arias*, No. 12 Civ. 4166 (KPF), 2017 WL 2895901, at *13 (S.D.N.Y. July 5, 2017). In dismissing the state law claims for nonattendance, these courts have explained that "disregarding any proffered reason is also good policy: while the City must handle the [scheduling and] rescheduling of thousands of 50-h Hearings, a plaintiff is only concerned with [his] own and is in a better position to ensure that the parties are on the same page." *Id.* This holds even where the proffered reason is that plaintiff never received the notice, though the City had mailed the demand. *See, e.g., id.* at *13-14. (dismissing claims where the demand was mailed to plaintiff's counsel and neither plaintiff nor counsel responded, but where plaintiff

insisted that he never received the notice); *Buie v. City of New York*, No. 12 CV 4390 (RJD)(CLP), 2015 WL 6620230, at *6 (E.D.N.Y. Oct. 30, 2015) (dismissing claims where plaintiff stated that she never received the notice of hearing because it went to her previous attorney and where the record did not show any attempt by the new attorney to arrange a 50-h hearing); *Gilliard v. City of New York*, No. 10-CV-5187 (NGG)(CLP), 2013 WL 521529, at *16 & n.20 (E.D.N.Y. Feb. 11, 2013) (placing the burden on plaintiff to ensure a properly scheduled 50-h hearing and declining to excuse plaintiff's failure to appear where plaintiff's previous counsel acted unreasonably by failing to follow up with the Comptroller's Office for a rescheduled hearing); *Simon v. City of New York*, No. 09-CV-1302 (ENV)(RER), 2011 WL 317975, at *15 n.17 (E.D.N.Y. Jan. 3, 2011), *adopted by*, No. 09-CV-1302 (ENV)(RER), 2011 WL 344757 (E.D.N.Y. Feb. 1, 2011) (finding, where plaintiff insisted that defendants never informed him of the new date for his 50-h hearing, that "even if [plaintiff] did not get the notice of the rescheduled hearing, precedent suggests that it is the claimant who is required to ensure that the hearing she has adjourned is rescheduled to a new date").

Thus, even considering the facts, including those set forth in the two newly proffered affidavits, and, as with all material facts, in the light most favorable to plaintiff as the nonmovant on summary judgment, plaintiff, the undisputed facts show, would not satisfy the condition precedent to suit established by GML § 50-h. Nothing offered by plaintiff on reconsideration warrants that the Court alter in any way the determination made in its original ruling, *i.e.*, that plaintiff alone was the cause of his failure to comply with GML § 50-h.

Recapitulating the facts more precisely, plaintiff does not contravene that the City had received a sworn filing that L&K was representing him on the state law claims he now seeks to resurrect. If anything, the affidavits only confirm what might be best described charitably as

7

sharp practice by L&K, his sworn attorney of record at the time of the notice of claim, and his current attorney, Sheeheed, who have worked on companion cases arising out of this incident, doing so in the same shared office space. Manifestly, the City sent multiple notices to the address it had on record for the plaintiff; L&K, according to its own affidavit, received these notices, failed to forward them to Sheeheed, and, then, despite its sworn filing with the City, failed to advise the City when it claims it ceased representing plaintiff; and, Sheeheed, based on the record, made no attempt to arrange a § 50-h hearing and thus preserve her plaintiff's claims.

Simply put, whether considering the newly proffered affidavits or not, on these facts, and "in accordance with the Second Circuit's directive to construe [state] [n]otice of [c]laim requirements strictly," dismissal of plaintiff's state law claims is warranted. *Buie*, 2015 WL 6620230, at *6 (holding that plaintiff's failure to attend the requisite § 50-h hearing is a "complete bar" to her state law claims against the City, "no matter the reason," even though plaintiff never received notice because it went to her previous attorney and where the record did not show any attempt by her new attorney to arrange a § 50-h hearing). Reconsideration seeking to modify or reverse the Court's original determination is not warranted. The Court adheres to its order dismissing Shamaine Duncan's state law claims.[3]

---

[3] To the extent that plaintiff also moves pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from the Court's order granting summary judgment on plaintiff's state claims, that motion is likewise denied. Plaintiff has failed to show extraordinary circumstances justify relief here.

## Conclusion

In line with the foregoing, plaintiff's motion for reconsideration, to the extent it seeks modification or reversal of the Court's order granting defendants partial summary judgment and, thereby, to revive Shamaine Duncan's state law claims, and/or motion pursuant to Federal Rule of Civil Procedure 60(b) is denied. The Court adheres to its order dismissing the state law claims.

So Ordered.

Dated: Brooklyn, New York
June 19, 2018

s/Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge